UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALLYSON MATEO,

                  Plaintiff,

         -against-

THE CITY OF NEW YORK, DETECTIVE MICHAEL
CARINHA, Shield No. 3746, Individually and in his
Official Capacity, DETECTIVE "JOHN" BELLO,
Individually and in his Official Capacity, and
DETECTIVE "JOHN" ROSARIO, the surname "JOHN"
being fictitious, as their true surnames are not known,

                  Defendants.
-------------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

**14 Civ. 9020 (LTS) (GWG)**

       Plaintiff, ALLYSON MATEO, by his attorney, Jon L. Norinsberg, complaining of the

defendants, respectfully alleges as follows:

### THE PARTIES

      1.      That at all times hereinafter mentioned, plaintiff, ALLYSON MATEO, was and is a

resident of New York, NY.

      2.      That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, was

and still is a municipal corporation duly organized and existing under and by virtue of the laws of the

State of New York.

      3.      That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK

maintains the New York Police Department, a municipal corporation duly organized and existing under

and by virtue of the laws of the State of New York.

      4.      That at all times hereinafter mentioned, Defendants DET. MICHAEL CARINHA,

DET. BELLO, and DET. ROSARIO were employed by, and working for the benefit of

Defendants THE CITY OF NEW YORK and THE NEW YORK POLICE DEPARTMENT as their employees, servants, and/or agents.

## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction pursuant to 28 U.S.C. 331 and 1343 in that it alleges claims for relief arising under 42 U.S.C. 1983.

6.      Venue is proper pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the district and/or in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction.

7.      Further, jurisdiction is proper because Plaintiff's Constitutional rights under the Fourth Amendment to the U.S. Constitution were violated by Defendants.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIMS

8.      At all times relevant and material herein, the Defendants, CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, operated, maintained, managed, supervised, and controlled a police department of, and in conjunction with, its municipal functions.

9.      At all times relevant hereto, the Defendants, CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, their officers, servants, agents, and/or employees, to conform their conduct to a standard for the protection of individuals, such as Plaintiff, against the risk of wrongful arrest.

10.     In addition, at all times relevant hereto, the defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels

the defendant officers, in the protections of the rights of Plaintiff under the Constitution and Bill of Rights.

11.     That at all time hereinafter mentioned and upon information and belief, Defendants DET. MICHAEL CARINHA, DET. BELLO, and DET. ROSARIO were acting in their capacities as employees, agents or servants of the Defendants CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

12.     That at all time hereinafter mentioned Defendants were acting under the color of law.

13.     That on or about July 26, 2011, at approximately 5:00 PM, Plaintiff was lawfully in, around or about Webster Avenue in the County of Bronx, City and State of New York.

14.     That on or about July 26, 2011, at approximately 5:00 PM, Defendants DET. MICHAEL CARINHA, DET. BELLO, and DET. ROSARIO came to be in, around or about Webster Avenue  in the County of Bronx, City and State of New York.

15.     On July 26, 2011, at approximately 5:00 PM, Defendants DET. MICHAEL CARINHA, DET. BELLO, and DET. ROSARIO were on duty and/or acting as employees, agents or servants of the Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

16.     That on or about July 26, 2011, at approximately 5:00 PM, Defendants DET. MICHAEL CARINHA, DET. BELLO, and DET. ROSARIO searched Plaintiff and his belongings without  probable cause to do so.

17.     That on or about July 26, 2011, at approximately 5:00 PM, Defendants DET. MICHAEL CARINHA, DET. BELLO, and DET. ROSARIO searched Plaintiff without a warrant.

18.     That on or about July 26, 2011, at approximately 5:00 PM, Defendants DET. MICHAEL CARINHA, DET. BELLO, and DET. ROSARIO detained and arrested Plaintiff without probable cause.

19.     Defendants DET. MICHAEL CARINHA, DET. BELLO, and DET. ROSARIO detained and arrested Plaintiff without a warrant.

20.     The actions of Defendants DET. MICHAEL CARINHA, DET. BELLO, and DET. ROSARIO were unlawful and extrajudicial.

21.     Defendants DET. MICHAEL CARINHA, DET. BELLO, and DET. ROSARIO caused Plaintiff to be confined without his consent and without privilege.

22.     Plaintiff was then arrested and/or caused to be arrested and charged with various crimes.

23.     The charges were subsequently dismissed on August 19, 2013 at a suppression hearing before Hon. Dominick Massaro at Supreme Court of the State of New York, County of Bronx Criminal Term.

24.     All of the Defendants' acts hereinbefore described were without probable or just cause, and were excessive, unreasonable, unnecessary, and without any privilege or justification.

25.     By reason of the foregoing acts by the Defendants, Plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer continuous pain and anguish.

26.     By reason of the foregoing acts by Defendants, Plaintiff was subjected to false imprisonment for two years.

27,     The Defendant THE CITY OF NEW YORK initiated a proceeding against Plaintiff while knowing that there was no probable cause to do so, and with malice, that was terminated in Plaintiff's favor.

28.     By reason of the foregoing, Plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and, upon information and belief, Plaintiff will necessarily incur similar legal fees.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

31.     All of the aforementioned acts deprived plaintiff ALLYSON MATEO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and  rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality.

## SECOND CLAIM FOR RELIEF
### (MALICIOUS PROSECUTION)

35.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

36.     The defendant THE CITY OF NEW YORK maliciously prosecuted Plaintiff.

37.     The Defendant THE CITY OF NEW YORK initiated a proceeding against Plaintiff while knowing that there was no probable cause to do so, and with malice, that was terminated in Plaintiff's favor.

## THIRD FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" as if the same were more fully set forth at length herein.

39.     Defendants created false evidence against plaintiff ALLYSON MATEO.

40.     Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

41.     Specifically, defendant DET. CARINHA falsely claimed that a firearm was removed from the trunk of the automobile belonging to plaintiff ALLYSON MATEO.

42.     Defendant DET. CARINHA further falsely claimed that plaintiff ALLYSON was present when the firearm was removed from the trunk of the automobile belonging to plaintiff ALLYSON MATEO.

43.     Defendant DET. CARINHA further falsely claimed that plaintiff ALLYSON was in possession of Marijuana and Cocaine within the subject vehicle.

44.     In creating false evidence against plaintiff ALLYSON MATEO and forwarding false evidence and information to prosecutors, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

45.     As a result of the foregoing, plaintiff ALLYSON MATEO sustained, *inter alia*, loss of liberty, lost earnings, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

**WHEREFORE**, plaintiff ALLYSON MATEO demands judgment in the sum of nine hundred seventy five thousand dollars (975,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
        October 9, 2015

BY:     _____

        JON L. NORINSBERG (JN-2133)
        Attorney for Plaintiff
        225 Broadway, Suite 2700
        New York, N.Y. 10007
        (212) 791-5396