UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALLYSON MATEO,

                Plaintiff,

    -against-

DETECTIVE MICHAEL CARINHA,

                Defendant.
------------------------------------------------------------------------X

**14 Civ. 9020 (LTS) (GWG)**

**DECLARATION OF
<u>ALLYSON MATEO</u>**

    **ALLYSON MATEO**, declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct:

    1.    I am the plaintiff in the above captioned action. As such, I am familiar with the facts stated below, and I submit this Declaration to place on the record relevant information about the settlement of my personal injury lawsuit in state court.

    2.    My highest level of education is a GED. I stopped attending high school when I was 16 years old.

    3.    On June 11, 2014, Raskin & Kremins filed a personal-injury lawsuit on my behalf stemming from an assault that occurred at Riker's Island on April 28, 2013.

    4.    In January 2017, I was informed by Raskin & Kremins that the City of New York had offered to settle my personal-injury lawsuit for $50,000.00.

    5.    While I was not happy with this offer, on the advice of my attorneys, I agreed to accept the City's $50,000.00 offer to settle my personal injury case.

    6.    When I accepted the $50,000.00 settlement offer, I was not informed that the settlement would have any impact on my federal civil rights lawsuit.

7.     On February 8th 2017 I traveled to Raskin & Kremins' office in Manhattan from New Hampshire to sign the settlement paperwork.

8.     While at Raskin & Kremins' office, I met with Yvelissa Mota to fill out the settlement paperwork. At that time, I was told that this settlement would fully resolve my claims for injuries relating to the Rikers Island assault. I was not told that this settlement could potentially affect my Federal civil rights claim.

9.     All of the settlement paperwork bad been prepared by the City of New York. I had no role in drafting any of the settlement documents.

10.    I was told by Ms. Mota where to sign on the settlement agreement, and that the City would pay $50,000.00 in exchange for me dropping my personal-injury lawsuit.

11.    At no point in time did anyone from Raskin & Kremins inform me that the settlement in my personal injury case could potentially have an impact on my federal civil rights action.

12.    In fact, while at Raskin & Kremins' office, we had no discussion whatsoever about my civil rights lawsuit.

13.    As a result, I was completely unaware that the state court release could possibly be construed as a waiver of my federal civil rights claim.

14.    Had I been informed that the personal-injury settlement could possibly bar my federal civil rights lawsuit, I would have never agreed to settle the personal injury case.

15.    To me, the amount offered by the City to settle the state court action was very small to begin with. It was certainly not enough to settle *both* my state and federal lawsuits.

16.     I brought my federal civil rights action to recover damages for spending 2 ½ years in jail based on fabricated evidence. There is no way I would have ever agreed to settle this civil rights case for only $50,000.00.

17.     In sum, if I had known that my settlement in the state court action would in any way jeopardize my federal civil rights claim, I never would have agreed to settle the state court action.

Dated: New York, New York
August 3, 2018

*Allyson Mateo*
Allyson Mateo