UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ALLYSON MATEO,

        Plaintiff,

  -v-                                                        No. 14 CV 9020-LTS

MICHAEL CARINHA,

        Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

On November 12, 2014, Plaintiff Allyson Mateo commenced this action ("Mateo II") pursuant to 42 U.S.C. § 1983 against the City of New York and Detectives Michael Carinha, "John" Bello, and "John" Rosario asserting claims for violation of his constitutional rights. (Docket entry no. 1.) The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. On February 26, 2018, the Court granted in part and denied in part Defendants' motion for summary judgment, dismissing all of Mateo's claims except for his denial of fair trial claim against Defendant Carinha. (Docket entry no. 70.)

On March 20, 2018, Defendant notified the court of the existence of a settlement agreement between Mateo and the City of New York in the earlier-filed case of Allyson Mateo v. City of New York, et al., which had been commenced on June 13, 2014, in the Supreme Court of the State of New York, Bronx County under Index Number 303265/2014 ("Mateo I"). (Docket entry no. 72.) Defendant advised the Court of his belief that a general release provision in the Mateo I settlement agreement precluded Mateo from maintaining the instant action and sought leave to file an amended answer and motion for summary judgment. (Id.) After soliciting

additional information from the parties, the Court granted Defendant leave to file an amended answer and a motion for summary judgment. (Docket entry nos. 81, 83, 86.) The Court also granted the parties permission to conduct limited discovery in connection with Defendant's release defense. (Docket entry no. 97.) Now before the Court is Defendant's motion for summary judgment, which seeks dismissal of Mateo's sole remaining claim in this action in light of the general release signed in Mateo I. (Docket entry no. 92.) The Court has reviewed the parties' submissions carefully and, for the reasons that follow, Defendant's motion is granted.

BACKGROUND

The following facts are material to this motion practice and are undisputed unless otherwise indicated. On June 13, 2014, Mateo commenced an action in the Supreme Court of the State of New York, Bronx County against the City of New York ("Mateo I"). (Docket entry no. 93, Def. 56.1 Stmt. ¶ 1.) Mateo I is a personal injury action related to an incident that occurred at Rikers Island on April 28, 2013. (Id. ¶ 2; docket entry no. 103, Norinsberg Decl. Ex. B.) Mateo was represented in Mateo I by the law firm of Raskin & Kremins, LLP. (Def. 56.1 Stmt. ¶ 3.) On November 12, 2014, Mateo commenced the instant action against Defendant Carinha, among others, alleging violations of his civil rights arising out of his July 26, 2011, arrest ("Mateo II"). (Id. ¶ 4.) Mateo II was also filed by Raskin & Kremins. (Id. ¶ 5.)

On January 12, 2017, Mateo agreed to a settlement with the City of New York in Mateo I. (Id. ¶ 8.) That same day, an attorney representing the City of New York in Mateo I sent an e-mail transmitting the Mateo I settlement paperwork to Raskin & Kemins. (Norinsberg Decl. Ex. E.) The January 12, 2017, e-mail states that "THIS E-MAIL RELATES ONLY TO SETTLEMENT OF THE ABOVE SUBJECT MATTER – do not use the attached documents for

any other settlement." (Id. at 1.) The subject line of the e-mail references the New York City Law Department's internal case number for Mateo I. (Id.)

In connection with the Mateo I settlement, Mateo signed a notarized general release (the "General Release" or "Release") on February 8, 2017. (Def. 56.1 Stmt. ¶ 10; docket entry no. 94, Lichterman Decl. Ex. C.) The General Release states, in relevant part, that Mateo, "[i]n consideration of the payment of Fifty Thousand Dollars ($50,000.00) . . . does hereby release and forever discharge the City of New York, and all past and present officers . . . employees, agents . . . and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively the "RELEASEES," from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known or unknown, which [Mateo] had, now has or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon, or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE except as indicated below, if applicable." (Def. 56.1 Stmt. ¶ 11.)

The General Release further states that "[Mateo] specifically excludes from this RELEASE the following State and Civil court actions and claims (include caption and index numbers), Federal Court cases (include caption and docket numbers), and/or pre-litigation claims (include dates of incident and locations or Comptroller claim numbers) against RELEASEES." (Id. ¶ 12.) The General Release contains three blank lines for exclusions to be specified. (Id. ¶ 13.) Neither Mateo nor his counsel added any exclusions to the Release. (Id. ¶ 14.) The Release also contains a clause stating that it may not be changed orally. (Id. ¶ 15.) Finally, the Release

states that "the undersigned has read the foregoing release and fully understands it." (Lichterman Decl. Ex. C at 2.)

In addition to the General Release, Mateo's attorney Bruce J. Raskin signed a Stipulation of Settlement dated January 12, 2017, and a Stipulation of Discontinuation dated February 13, 2017. (Norinsberg Decl. Ex. A; Ex. F.) The Stipulation of Settlement states, in pertinent part, that "IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys of record, based upon full authority given by the respective parties, that this action is settled for the total amount of Fifty Thousand Dollars ($50,000.00)." (Norinsberg Decl. Ex. A at 1.) The Stipulation further states that "the plaintiff(s) agree to discontinue this action with prejudice and to release and discharge the City of New York and the New York City Department of Correction . . . (hereafter, "RELEASEES") . . . . Plaintiff has been advised and agrees that he/she is forever barred from seeking any other recovery relating to the subject incident as against RELEASEES." (Id.) The Stipulation of Settlement also provides that "nothing contained herein shall be deemed to be an admission of liability by the defendants herein nor constitute a policy or practice of the City of New York or any agency thereof. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations." (Id. at 2.) The Stipulation of Discontinuance references the New York City Law Department's internal case number for Mateo I and states, in relevant part, that "IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys of record of all the parties to the above-entitled action that . . . the above-entitled action is discontinued as to all parties." (Norinsberg Decl. Ex. F.)

In connection with the instant motion practice, Mateo has submitted an affidavit in which he states that he was "completely unaware that the state court release could possibly be

construed as a waiver of [his] federal civil rights claim," and that he was not informed by his attorneys at Raskin & Kremins that "settlement in [his] personal injury case could potentially have an impact on my federal civil rights action." (Docket entry no. 105, Mateo Decl. ¶¶ 6, 11, 13.) Mateo also proffers the deposition testimony of William Santiago and Steven Bombard, the individuals involved in the Mateo I settlement on behalf of Mateo and the City of New York, respectively, both of whom testified that they were unaware of Mateo's claims in Mateo II at the time they agreed to settle Mateo I. (Norinsberg Decl. Ex. C ("Bombard Dep.") at 33-35; Ex. D ("Santiago Dep.") at 65-66.)

## Discussion

Summary judgment will be granted in favor of a moving party where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must draw all factual inferences in favor of the nonmoving party, however, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

Defendant argues primarily that the clear and unambiguous language of the general release delivered in Mateo I bars Mateo's remaining denial of fair trial claim. It is well-established that "settlement agreements are contracts and must therefore be construed according to general principles of contract law." Tromp v. City of New York, 465 Fed. App'x 50, 51 (2d Cir. 2012). "Where the language of a release is clear, effect must be given to the intent of the parties as indicated by the language employed." Id. (internal citations and quotations omitted).

Here, the language of the General Release is broad and clearly "release[s] and forever discharge[s] the City of New York, and all past and present officers . . . employees, agents . . . and representatives . . . from any and all claims . . . known or unknown, which [Mateo] had, now as or hereafter can, shall, or may have . . . that occurred through the date of this RELEASE." (Def. 56.1 Stmt. ¶ 11.)  The General Release thus unambiguously precludes Mateo from pursuing any claims against the City of New York and its employees that were known to him as of February 8, 2017, including the instant action.  Mateo does not dispute that Defendant Carinha is an employee of the City of New York, and that his claims in Mateo II, which was filed on November 12, 2014, were known to him before he signed the General Release on February 8, 2017.[1]  Mateo also does not dispute that the General Release contains blank lines that he could have used to exclude Mateo II from the scope of the Release, but that he did not do so.  (Id. ¶¶ 13-14.)  Accordingly, Defendant is entitled to summary judgment on his release defense, and Mateo's remaining claim must be dismissed.

Mateo's arguments to the contrary are not persuasive.  First, Mateo contends that statements in other settlement documents evince the parties' intent to release only the claims in Mateo I and, at the very least, render the language in the General Release ambiguous.  Mateo cites, among other things, (1) a statement in a January 12, 2017, e-mail that the settlement documents "relate[] only to settlement of the above subject matter," (2) a statement in the Stipulation of Settlement that the Stipulation "shall not be admissible in, nor is it related to, any

---

[1] The Court rejects Mateo's argument that Carinha is not a third-party beneficiary of the General Release, which clearly contemplates a release of Mateo's claims against all officers, employees, agents, and representatives of the City, as well as "all other individually named defendants and entities represented and/or indemnified by the City of New York."  Mateo presents no facts from which a reasonable juror could infer that Carinha is not a releasee under the terms of the General Release.

other litigation or settlement negotiations," and (3) references in the Stipulation of Settlement and Stipulation of Discontinuance to "this action," "the subject incident," and the "above-entitled action." (See Norinsberg Decl. Exs. E, A, F.) Because the General Release is clear and unambiguous, however, the Court cannot consider extrinsic evidence of the parties' intent and must enforce the release according to its terms.[2] See Lloyd v. City of New York, 2017 WL 2266876, at *3 (S.D.N.Y. May 22, 2017) ("Courts do not consider extrinsic evidence of the meaning of a contract, however, unless the contract is ambiguous standing alone."). It is of no moment that certain other settlement-related documents do not refer to Mateo II, or reference solely the action in Mateo I, because the General Release plainly releases any and all claims that Mateo had against Defendant as of February 8, 2017, including those asserted in the instant action.[3]

Next, Mateo argues that the General Release is void due to mutual mistake. In connection with this argument, Mateo once again relies on various settlement documents that reference "this action," as well as deposition testimony from the individuals involved in the negotiation of the settlement in Mateo I, both of whom stated that they were unaware of Mateo II when they agreed to settle Mateo I. (See Norinsberg Decl. Ex. E, A, F; Bombard Dep. at 33-35;

---

[2] In this context, Mateo's citation to ASI Sign Systems, Inc. v. Architectural Systems, Inc., 210 F.3d 354 (2d Cir. 2000) is inapposite. In ASI Sign Systems, the Second Circuit concluded that the language of the release at issue was "clearly ambiguous," and thus held that the district court committed no error in examining the intent of the parties. Here, by contrast, the language of the General Release is not susceptible to multiple interpretations, nor do any of the statements in the documents cited by Mateo cast doubt on the meaning of the General Release.

[3] The Court notes that, even if it were to consider the documents cited by Mateo, none of the identified statements would alter the scope of the General Release. As other courts have observed, "[a] stipulation to dismiss a particular case can quite naturally refer to 'this litigation' or 'this case' without somehow incidentally narrowing the deliberately broad language of a separate general release of claims." Lloyd, 2017 WL 2266876, at *3.

Santiago Dep. at 65-66.) Mateo also relies upon his own affidavit in which he states that he was "completely unaware that the state court release could possibly be construed as a waiver of [his] federal civil rights clam," and that he was not informed by his attorneys that "settlement in [his] personal injury case could potentially have an impact on [his] federal civil rights action." (Mateo Decl. ¶¶ 6, 11, 13.)

"A mutual mistake under New York law means that both parties 'shared the same erroneous belief as to a material fact, and their acts did not in fact accomplish their mutual intent.'" ACA Galleries, Inc. v. Kinney, 928 F. Supp. 2d 699, 701 (S.D.N.Y. 2013) (quoting Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 46 (2d Cir. 1991)). Here, Mateo has not offered any evidence from which a reasonable juror could infer that the parties intended to limit the scope of the General Release to Mateo I or that the parties intended to exclude Mateo II from the General Release. The references to "this action," "the subject incident," and the "above-entitled action" in other settlement documents have no bearing on the scope of the General Release, a separate document that, by its own terms, is intended to encompass claims beyond those being settled in Mateo I. Similarly, the fact that the individuals involved in the Mateo I settlement negotiation were not aware of Mateo II does not negate the parties' intent, expressed in the General Release, that in consideration for the payment he received from the City, Mateo relinquish all claims against the City and its employees that he "had, now as or hereafter can, shall, or may have" through the date of the Release. See Siddons v. City of New York, 2019 U.S. Dist. LEXIS 10119, at *8 (E.D.N.Y. Jan. 7, 2019) ("[T]hat the parties did not discuss or negotiate the claim raised in Siddons II explicitly, does not give rise to the inference that its inclusion in the General Release was based on mistake."). Likewise, Mateo's own failure to understand the scope of the Release cannot establish a mutual mistake. ACA Galleries, 928 F.

Supp. 2d at 701 ("[T]he doctrine of mutual mistake may not be invoked by a party to avoid the consequences of its own negligence.").[4]

CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and Mateo's sole remaining claim in this action is dismissed. The Clerk of Court is requested to enter judgment accordingly and to close this case. This Memorandum Opinion and Order resolves docket entry no. 92.

SO ORDERED.

Dated: New York, New York
March 28, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[4] For substantially similar reasons, the Court also finds unpersuasive Mateo's argument that the General Release is void because Mateo's waiver was not knowing and voluntary. While certain constitutional rights may not be waived unless the waiver is knowing and voluntary, as ample case law demonstrates, this principle is not implicated when a plaintiff agrees to relinquish his ability to bring suit pursuant to 42 U.S.C. § 1983. See Lloyd, 2017 WL 2266876, at *3 (collecting cases). To the extent that Mateo argues he never authorized Raskin & Kremins to settle Mateo II as part of the Mateo I settlement, Mateo presents no facts from which a jury could infer that, as a result, the General Release was procured by fraud or is otherwise invalid. Indeed, such an argument would be undermined by Mateo's own certification in the General Release that he "has read the foregoing release and fully understands it." (Lichterman Decl. Ex. C at 2).